RECEIVED
JAN 10 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ROBERT F. McHALE and
DELILAH A. McHALE
Plaintiffs,

-against-

RALPH J. KELLY and
ABRAHAMS, LOEWENSTEIN and BUSHMAN, PC
Defendants

Civil Action No. _____
**COMPLAINT**
**PLAINTIFFS DEMAND TRIAL BY JURY**

---

Plaintiffs, Robert and Delilah McHale (together, "Plaintiffs"), acting pro se for their complaint against defendants Ralph J. Kelly ("Mr. Kelly") and Abrahams, Loewenstein and Bushman, PC ("law firm") (collectively "Defendants") allege upon knowledge with respect to their own acts, and upon information and belief as to all other matters, as follows:

### PARTIES

1. Plaintiffs reside at 407 Greentree Road, Sewell, New Jersey.

2. At all relevant times, Plaintiffs were husband and wife.

3. Defendant, Ralph J. Kelly, a resident of Pennsylvania, is currently employed by McShea/Tecci located at The Bell Atlantic Tower, 1717 Arch St., Philadelphia, Pennsylvania and also has an office located at 301 Oxford Valley Road, Yardley, Pennsylvania.

4. Defendant, Abrahams, Loewenstein and Bushman located at 3 Parkway, 16th & Cherry Sts, Suite 1300, Philadelphia, Pennsylvania, a corporation incorporated under the laws of and is licensed to do business in Pennsylvania.

### JURISDICTION

5. The jurisdiction of this court is invoked pursuant to the diversity of citizenship, 28 U.S.C. § 1332.

### FIRST CAUSE OF ACTION

6. WHEREAS, Defendant, Ralph J. Kelly, at the time employed by Defendants Abrahams,

1

Loewenstein and Bushman, PC represented Plaintiffs in a personal injury matter that occurred during Plaintiff Robert F. McHale's employment.

7. In the course of the personal injury litigation, the insurance companies of some of those personal injury defendants were placed under a bankruptcy trustee. Mr. Kelly told Plaintiffs that the next step in the lawsuit was to sue the Plaintiff's employer, United Refrigeration, Inc., under their "uninsured motorist" policy with Liberty Mutual Insurance Company as well as the Plaintiffs' personal insurance policy also with Liberty Mutual Insurance Company.

8. At the time of the personal injury, Plaintiff Robert F. McHale had been employed with United Refrigeration, Inc. for over 22 years.

9. United Refrigeration, Inc. was a very generous employer and had paid full salary and full medical insurance for both Plaintiffs during the first year of Plaintiff's permanent disability that was caused by the personal injury.

10. Plaintiffs were adamantly against suing United Refrigeration, Inc. but Mr. Kelly insisted that it was what is done under the circumstance.

11. Plaintiffs subsequently sued Liberty Mutual Insurance Company, the insurance company of United Refrigeration, Inc., under "uninsured motorist".

12. At the settlement conference with Liberty Mutual Insurance Company, the Plaintiffs agreed to a settlement for the personal injury lawsuit in the amount of $725,000.00.

13. During the signing of the settlement agreement in the Defendants' office, Plaintiffs became aware that Mr. Kelly misrepresented his capacity to handle Plaintiff Robert F. McHale workman's compensation case which was included as part of the litigation.

14. On August 12, 2004, Plaintiffs signed a Release for the negligence of the Defendant's handling of the workman's compensation in consideration of a payment of $22,318.75.

15. On November 8, 2006, Plaintiffs met with Joseph Gulino, New York attorney for Liberty Mutual Insurance Company in the subsequent subrogation matter from Plaintiffs personal injury litigation settlement.

16. During this meeting on November 8, 2006, Mr. Gulino told Plaintiffs that Mr. Kelly had made the mistake of suing Liberty Mutual Insurance Company in regards to the personal injury litigation since that was not a "uninsured motorist" claim due to the extensive insurance coverage available in New York.

17. The Plaintiffs were never told by Mr. Kelly that there was a mistake in suing Liberty Mutual Insurance Company. Plaintiff's previous notes and letters to Mr. Kelly and the law firm prior to the signing of the Defendants' subsequent "Release" are evidence that the Plaintiffs were not aware of this particular mistake of Mr. Kelly's.

18. Mr. Kelly did tell the Plaintiffs that he was informed at the Liberty Mutual Insurance Company's settlement conference that suing both policies did not increase the award but only pro-rated the award.

19. Plaintiffs contend that during that same settlement conference, Mr. Kelly was also informed of the mistake of suing under "uninsured motorist" and elected not to bring it to the attention of the Plaintiffs as he was aware of the Plaintiffs' feelings of suing United Refrigeration, Inc.

20. Under the New Jersey Consumer Fraud and the Deceptive Trade Practices Act, the Defendants are guilty of Consumer Fraud by "failing to disclose information concerning the services which was known at the time of the services if the failure was intended to induce the client into entering a transaction he would not have entered had the information been disclosed".

21. As legal representatives, Defendants are knowledgeable of the Consumer Fraud administrative code regulations and a violation of these constitutes a violation of the New Jersey Consumer Fraud Act.

22. The Defendants' Release for "…any and all causes of action, claims and demand of whatsoever kind on account of all known, and unknown injuries, losses, …." breaches their Fiduciary Duty since they are the cause and concealment of "unknown injuries".

23. The Discovery Clause under the Consumer Fraud Act allows the Plaintiffs 6 years after the discovery of the fraud to bring this complaint.

24. Plaintiffs state that by virtue of the Defendants' fraudulent action in the personal injury lawsuit, the Defendants' Release is rendered null and void.

## SECOND CAUSE OF ACTION

25. In the personal injury lawsuit, there were three (3) defendants party to the case:

   (i) Joseph Anthony, the driver of the truck

   (ii) Empire Beef Company, the company that rented the truck, with liability insurance policy coverage in the amount of $1,000.000.00

   (iii) Ryder Truck Rental, Inc., the owner of the truck, with liability insurance policy coverage in the amount of $1,000,000.00

26. Due to the negligence of the Defendants to serve the correct Ryder entity, the Ryder policy has been denied to the Plaintiffs and only the Empire Beef policy remains.

27. In the subsequent lengthy court appeal carried on in New York state, the final decision of the New York Court of Appeals dated February 11, 2010 and upheld on October 14, 2010, the justices concluded that:

(i) Although the police accident report listed the owner of the offending truck as Ryder Truck Rental, Inc. with an address in Rochester, New York, and although the corporation's listing with the Department of State of its registered agent for service of process gave an address in Albany, New York, the pleadings state the address of Ryder Truck Rental, Inc. as 111 Eighth Avenue, New York, New York, and service was made on an agent at 307 East 11th Street in Manhattan. The corporation known as Ryder Truck Rental, Inc. did not have a facility at that address. Rather, that was the location of Ryder TRS, Inc., which company had purchased the Consumer Truck Rental division of Ryder Truck Rental, Inc. in 1996...

(ii) The failure of the law firm that prepared and served an answer on behalf of the served Ryder entity to point out the difference between its client's actual name and the name set forth in the complaint probably contributed to plaintiffs' failure to recognize that

4

they had not served the correct party defendant. However, service of an answer purporting to be on behalf of the named defendant cannot establish personal jurisdiction over the named defendant, when the named defendant is entirely separate from the served entity, conducts an entirely separate business, and is locate in an entirely different place.

(iii) ...As troubling as this situation is, the confusion grows primarily out of plaintiffs' decision to serve Ryder Truck Rental, Inc. without reference to the readily available information as to its correct location. The problem was merely exacerbated when counsel for the served Ryder entity served its answer without correcting the misnomer....To the extend counsel's conduct caused plaintiffs to incorrectly assume that the proper entity had been served and had appeared, the fault lies predominantly with plaintiffs' decision as how to serve Ryder.

28. As the Defendants' Release is null and void, it opens the door for the Plaintiffs to recover from Defendants negligence to serve the proper Ryder entity in the personal injury Lawsuit.

29. This exception to the Statute of Limitations is based on the "continuation of events" theory.

30. The current New York lawsuit is a continuance of the personal injury lawsuit first handled by Defendants. It is being continued by Mr. Joseph Gulino, a New York lawyer since the personal injury happened in the state of New York and all defendant parties are located there.

31. As further evidence of the "continuation of events": if Plaintiffs are awarded over and above the $725,000.00 in the New York personal injury settlement, any such amounts are subjected to a 33% legal fee to Mr. Gulino with a portion of that fee to be paid to Mr. Kelly.

**DEMAND**

WHEREFORE, Plaintiffs, Robert F. McHale and Delilah A. McHale, demand judgment in Plaintiffs favor and against Defendants, Ralph J. Kelly and Abrahams, Loewenstein and Bushman, PC, individually, jointly, severally, and in any combination thereof, as follows:

(i) on the first cause of action in the amount of $3,000,000.00 (treble damages) and for such further amounts as may be proved at trial;

(ii) on the second cause of action, $1,000,000.00 and for such further amounts as may be proved at trial;

(iii) interest both pre- and post-judgment, delay damages and other costs as may be allowed; and

(iv) such other and further relief as this Court may deem just and proper.

Dated: December 26, 2010
Sewell, New Jersey

*[signature]*
Robert F. McHale
407 Greentree Road
Sewell, NJ 08080

*[signature]*
Delilah A. McHale
407 Greentree Road
Sewell, NJ 08080